**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES GIEHL, ) Case No. 8:26-cv-3083-TPB-CPT
Plaintiff, )
)
v. )
)
BANK OF AMERICA, N.A.
Defendant.

# COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## I. NATURE OF THE ACTION

INTRODUCTION

1. This is an action for compensatory and punitive damages brought by Plaintiff, James Giehl, a Florida citizen, against Defendant Bank of America, N.A. ("BofA"), a national bank with its main office in North Carolina, arising from BofA's fraudulent concealment of the true status of a mortgage debt that BofA used to foreclose on and take title to the Plaintiff's real property located at: 3451 Clark Road, Unit 249, Sarasota, Florida. (**see Exhibit A**)

2. The Plaintiff alleges that BofA filed and prosecuted a foreclosure action in Sarasota County, Florida, claiming to be the sole holder of the original promissory note, even though the underlying debt ($95,849) had been scheduled in a Chapter 7 bankruptcy proceeding involving the prior owner, was never filed as a



$405
TPA75014

proof of claim, and was ultimately fully discharged without payment. The Plaintiff further alleges that BofA, acting through purported servicers and agents not named as defendants in this action (including Ocwen Loan Servicing, Onity Mortgage Corporation (formally PHH Mortgage), and NewRez LLC (formally New Penn Financial and d/b/a Shellpoint Mortgage)), continued to prosecute the foreclosure action on BofA's behalf from 2015 through 2019 and obtained a final judgment of foreclosure and certificate of title in BofA's name. (**see Exhibits B, C, E thru J**)

3. In 2023, the Plaintiff obtained certified bankruptcy records which confirmed that the underlying debt had been fully discharged without payment (**see Exhibit D**), and then subpoenaed BofA directly. BofA's own written subpoena response, dated April 19, 2023, stated that BofA could not locate any records of any loan, mortgage, or debt tied to the property or the prior owner (**see Exhibit N**). Shortly thereafter, BofA's own outside counsel contacted the Plaintiff regarding that same subpoena (**see Exhibit V**), confirming that BofA had actual knowledge of the discrepancy between its foreclosure representations and its own records.

4. Despite acquiring this actual knowledge in 2023, and despite BofA's awareness of pending state and federal litigation(s) concerning the same property, the same debt, and the same purported servicing relationships, BofA never disclosed to any court(s) that it lacked records supporting its prior representations. This action seeks damages for BofA's own active fraudulent concealment - not for

the conduct of any other entity, and not for reversal of any underlying state court judgment.

PARTIES

5. The Plaintiff, James Giehl, is a citizen of the State of Florida and resides in Hillsborough County, Florida. The Plaintiff is the prior owner of certain real property located at: 3451 Clark Road, Unit 249, Sarasota, Florida, which the Plaintiff purchased on or about October 20, 2014 using his retirement savings, by deed recorded on October 31, 2014 (**see Exhibit A**).

6. Defendant Bank of America, N.A. is a national banking association organized under the laws of the United States, with its main office located in the State of North Carolina, and is therefore a citizen of North Carolina for purposes of diversity jurisdiction. Bank of America, N.A. is sued in its individual capacity as the entity which claimed full interest in the mortgage loan and note which encumbered the Plaintiff's property described above.

7. At various times relevant to this action, entities identified as Ocwen Loan Servicing, Onity Mortgage Corporation (formerly known as PHH Mortgage Corporation), and NewRez LLC (formally New Penn Financial and d/b/a Shellpoint Mortgage) purportedly acted as "servicers" and/or "agents" of Bank of America, N.A. with respect to the mortgage loan and/or note at issue. These entities are referenced herein solely as background to the conduct of Bank of

America, N.A., are not named as defendants in this action, and no claims for relief are asserted against them at this time.

JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the Plaintiff and the Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. The Plaintiff James Giehl is a citizen of the State of Florida, domiciled in Hillsborough County, Florida. He intends to remain in Florida.

10. Defendant Bank of America, N.A. is a national banking association whose main office, as designated in its articles of association, is located in Charlotte, North Carolina, and is therefore a citizen of the State of North Carolina for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1348; ***Wachovia Bank, N.A. v. Schmidt***, *546 U.S. 303, 306-07 (2006).*

11. Complete diversity of citizenship exists between the Plaintiff, a citizen of Florida, and Defendant, a citizen of North Carolina.

12. The amount in controversy exceeds $75,000, exclusive of interest and costs, based on the Plaintiff's documented expenditures incurred as a result of Defendant's conduct, loss of use and rental value damages, and other economic

losses, and, in the alternative, based on the estimated value of the real property ($200k) that is the subject of this action.

13. This Court has personal jurisdiction over Defendant Bank of America, N.A. because it regularly conducts business within the State of Florida, including mortgage lending and servicing activities related to real property(s) located in and around Sarasota County, Florida --- which included the real property that is the subject of this action.

14. The venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the Plaintiff's claims occurred in Sarasota County, Florida, which lies within the Middle District of Florida, Tampa Division.

FACTUAL BACKGROUND

15. On March 27, 2019, the Circuit Court for Sarasota County entered a Final Judgment of Foreclosure in favor of Bank of America, N.A. (**see Exhibit I**). On August 15, 2019, a certificate of title to the property was issued in the name of Bank of America, N.A. (**see Exhibit J**).

16. In 2022, Plaintiff James Giehl received correspondence from PHH Mortgage Corporation (**see Exhibits L and M**) referencing multiple prior servicing entities and multiple loan numbers purportedly associated with the same singular debt, including BAC Home Loan Servicing, Saxon, Ocwen Loan

Servicing, PHH Mortgage Corporation, Shellpoint, New Penn Financial, NewRez LLC, and Bank of America, N.A.

17. In early 2023, the Plaintiff obtained certified records from the bankruptcy proceeding confirming that the debt ($95,849) was listed in the schedules and claimed by Ocwen Loan Servicing, and that the underlying debt (approximately the same amount listed as immediately due BofA within the "verified" foreclosure complaint) listed in the foreclosure action had been discharged without payment (**see Exhibit D**). The documents also showed that there was no debt amount(s) listed within the schedules for BofA, and that both Ocwen and BofA were properly noticed throughout the bankruptcy proceedings.

18. On February 9, 2023, the Plaintiff served a subpoena directly on Bank of America, N.A. under the civil action number of Case No. 8:22-cv-002800, *Bank of America, N.A. v. James Giehl*, United States District Court for the Middle District of Florida, a case that had been removed from Sarasota County Circuit Court. That case was dismissed on or before February 28, 2023, before Bank of America, N.A. provided any response to the Plaintiff's subpoena.

19. On April 19, 2023, more than seven weeks after Case No. 8:22-cv-002800 had already been dismissed and was no longer pending, Bank of America, N.A. responded to the Plaintiff's subpoena, sent through its internal Legal Order and Case Resolution Operations Unit, stating that Bank of America, N.A. could not

locate any accounts or records responsive to the subpoena concerning the property or Jason Allen Young (**see Exhibit N**). Because no judicial proceeding between Plaintiff and Bank of America, N.A. remained pending at the time this response was made, this written response was Bank of America, N.A.'s own out-of-court, internal business communication to the Plaintiff, made independently of and outside any judicial proceeding.

20. On April 27, 2023 --- eight days after Bank of America, N.A.'s written subpoena response described in Paragraph 19 above --- the Plaintiff learned that the property, then and still titled in Bank of America, N.A.'s name, was listed for sale. The Plaintiff contacted the listing agent, Joseph Ciarla of Anytime Realty, informed him of the then-pending action in the Circuit Court for Sarasota County, Case No. 2023-CA-003515-NC, and of the Notice of Lis Pendens the Plaintiff had recorded on March 29, 2023, and provided Mr. Ciarla a copy of that lis pendens for disclosure to any prospective purchasers, realtors, and title companies (**see Exhibit U**). The identity of the person and/or entity that caused the property to be listed for sale is not presently known to the Plaintiff. This listing attempt occurred while the property remained titled in Bank of America, N.A.'s name and while Bank of America, N.A. had just represented, in writing, that it possessed no records substantiating any interest in the debt and/or the property.

21. In late July 2023, outside counsel for Bank of America, N.A. emailed the Plaintiff directly, in a communication independent of and outside any judicial proceeding, and attached Bank of America, N.A.'s subpoena (**see Exhibit V**). This communication confirmed that Bank of America, N.A. had actual knowledge, by that date, of its own written statement(s) that it possessed no records substantiating its claimed interest in the debt or the property.

22. At that time, Bank of America, N.A. was aware of a pending action(s) in the Circuit Court for Sarasota County, Case No. 2023-CA-003515-NC, in which its purported "servicers" and/or "agents" were named as defendants asserting their privity with Bank of America, N.A., and BofA was also aware of a related action pending in the United States District Court for the Middle District of Florida, Case No. 8:23-cv-00676-WFJ-CPT. Bank of America, N.A. was not itself a party to either of those two proceedings, and the earlier case in which Bank of America, N.A. had been a party, Case No. 8:22-cv-002800, had already concluded months before.

23. Notwithstanding its actual knowledge, acquired through its own internal business records and out-of-court communications, that it possessed no records substantiating its claimed interest in the debt and/or the property, Bank of America, N.A. never disclosed this fact(s) to either the Sarasota County circuit court or the federal district court, or to Plaintiff, and never took any out-of-court

corrective action(s). Bank of America, N.A. allowed the March 27, 2019 Final Judgment of Foreclosure, the August 15, 2019 certificate of title, and the incorrect judgement(s) within multiple state and federal cases after 2019 --- where BofA was listed as the sole Plaintiff and/or listed as the sole debt/note owner --- to stand uncorrected after acquiring this knowledge.

24. The Plaintiff continued to treat the Final Judgment of Foreclosure and the certificate of title as valid based on Bank of America, N.A.'s subsequent out-of-court silence, following its own internal confirmation(s) that it held no supporting records, and its failure to take any corrective action(s) available to it outside of any judicial proceeding. Had Bank of America, N.A. disclosed what it knew when it knew it, the Plaintiff's investigation and legal options concerning the debt and the real property would have proceeded differently and sooner.

25. The Plaintiff does not ask this Court to review, reverse, vacate, or nullify any state court foreclosure judgment, the foreclosure sale, or the certificate of title issued in Bank of America, N.A.'s name. The Plaintiff's claims arise from Bank of America, N.A.'s own independent, out-of-court conduct in concealing, after acquiring actual knowledge in 2023 through its own internal business records, that it held no records substantiating its claimed interest in the debt or the property, and are separate and distinct from the state foreclosure proceeding and any related litigation(s).

26. As a direct and proximate result of Bank of America, N.A.'s concealment of the true status of the debt (including the mortgage and note) and its own lack of supporting records, the Plaintiff has incurred documented expenditures related to the property, sustained loss of use of the property and loss of rental value, incurred prior attorney's fees (over $5300), and expended substantial personal time (over 3600 hours) and effort attempting to investigate and address the status of the debt and title to the property. Exhibit W (not attached) further sets out the Plaintiff's discovery chronology, reliance, causation, and damages basis as to Bank of America, N.A., and is incorporated herein for those limited factual purposes.

27. Between 2019 and 2026, the underlying foreclosure judgment and related matters were reviewed by multiple tribunals, including the Circuit Court for Sarasota County, the Florida Second District Court of Appeal (which affirmed by per curiam decisions in prior appeal(s), including Case Nos. 2D19-3488 and 2D22-0413), and, in the related 2023 Sarasota action, the Circuit Court for Sarasota County and the Florida Second District Court of Appeal (Case No. 2D23-2397, affirmed by mandate issued December 10, 2025) (**see Exhibit X**). The related federal action, Case No. 8:23-cv-00676-WFJ-CPT, was dismissed by the district court and, on appeal, the United States Court of Appeals for the Eleventh Circuit vacated that dismissal (and other claims) and remanded with instructions to dismiss

"without prejudice" for lack of subject matter jurisdiction (**see Exhibit Y**). The Plaintiff, appearing pro se throughout, diligently pursued available records and legal remedies at each stage, and the fact that multiple courts reviewed related matters without the benefit of the specific records described in paragraphs 16 thru 20 above is relevant to the diligence of the Plaintiff's investigation and the timing of the Plaintiff's discovery of the facts giving rise to this action.

CAUSES OF ACTION

FIRST CAUSE OF ACTION

FRAUDULENT CONCEALMENT

(Against Bank of America, N.A.)

28. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 27 as though fully set forth herein.

29. This count is based on Bank of America, N.A.'s own out-of-court conduct: its April 19, 2023 written response to the Plaintiff's civil subpoena (**see Exhibit N**), its outside counsel's independent July 2023 communication to the Plaintiff (**see Exhibit V**), Bank of America, N.A.'s subsequent silence and inaction, and Bank of America, N.A.'s continued retention of title to and the benefit of the property after acquiring that knowledge, all of which occurred outside of and independent from any judicial proceeding to which Bank of America, N.A. and the Plaintiff were both parties. The civil action under which the Plaintiff's subpoena

was issued, Case No. 8:22-cv-002800 (*Bank of America, N.A. v. James Giehl*, M.D. Fla.), had already been dismissed on or before February 28, 2023, more than seven weeks before Bank of America, N.A. provided its April 19, 2023 response; no judicial proceeding between the Plaintiff and Bank of America, N.A. was pending at the time that response, or any of Bank of America, N.A.'s subsequent conduct described in this count, occurred. The Plaintiff does not base this count on any pleading, motion, affidavit, or other filing made by Bank of America, N.A. within the 2015-2019 foreclosure action, within Case No. 8:22-cv-002800, or within any other judicial proceeding; the statements quoted in (**Exhibit K**) are offered only as background under Paragraph 30 below, not as the basis of this count.

30. Bank of America, N.A. concealed and failed to disclose a material fact known to it no later than late July 2023: that its own April 19, 2023 written response to the Plaintiff's subpoena stated it possessed no records substantiating any claimed interest in the debt or the property associated with Jason Allen Young (**see Exhibit N**). Bank of America, N.A. withheld this fact(s) from the Circuit Court for Sarasota County, from the United States District Court for the Middle District of Florida, (and, as a direct result, the fact(s) were also not known later by: the Second District Court of Appeals, and the 11th Circuit Court of Appeals) in the related pending federal action (in neither of which Bank of America, N.A. was

itself a party), and from the Plaintiff directly, through its own inaction and silence outside of any judicial proceeding(s). Bank of America, N.A. allowed the March 27, 2019 Final Judgment of Foreclosure and the August 15, 2019 certificate of title to stand uncorrected after acquiring this knowledge (**see Exhibits I and J**), and has continued to hold title to, and derive the benefit of, the property from that date to the present, including during the period in which the property was listed for sale by an unidentified party and/or parties while BofA was the sole title holder --- and while Bank of America, N.A.'s own records disclaimed any supporting interest in the property (**see Exhibit U, Paragraph 20 above**).

31. Bank of America, N.A. knew, or should have known, that the fact that it possessed no records substantiating its claimed interest in the debt, and/or the property was one that should have been disclosed. From April 2015 through at least June 2022, Bank of America, N.A. continuously represented itself, in its own name and in its own filings, as the sole plaintiff, mortgagee, and sole holder of the note entitled to foreclose, including in its "verified" April 2015 foreclosure complaint, its August 11, 2017 "verified" amended complaint, its June 2017 and February 2019 motions for summary judgment, and its own appellate briefs and case motions filed through 2022 (**see Exhibit K, collecting the specific quoted language from each of these filings at K-1 through K-11**). Bank of America, N.A. was aware by July 2023 of pending litigation in both the Sarasota County

circuit court and the federal district court in which other parties asserted "privity" with Bank of America, N.A. based on this same historical association with the foreclosure action.

32. To the extent Bank of America, N.A. contends that it did not itself make, authorize, and/or have knowledge of the representations made in its name in the 2015 foreclosure complaint and/or any subsequent filing in the foreclosure action, including the representation(s) that Bank of America, N.A. had delegated servicing authority to Ocwen Loan Servicing (and/or others) pursuant to a limited power of attorney (**see Exhibit K-1**), that contention does not excuse Bank of America, N.A.'s conduct alleged in this count and instead independently supports it. If Bank of America, N.A. did not authorize the use of its name and did not delegate any authority to Ocwen Loan Servicing and/or any other purported servicer, then Bank of America, N.A. had even greater reason, upon receipt of the Plaintiff's February 2023 subpoena and upon confirming in April 2023 that it possessed no records whatsoever concerning the debt or the property, to know that its name had been used without its knowledge and/or authorization to obtain a judgment of foreclosure and a certificate of title in its name. Bank of America, N.A.'s continued silence after acquiring that knowledge, regardless of whether Bank of America, N.A. authorized the underlying 2015-2019 conduct, is itself the concealment on which this count is based.

33. Bank of America, N.A. knew that its continued silence, following its acquisition of actual knowledge that it held no supporting records, would induce the Plaintiff to continue treating the Final Judgment of Foreclosure and the certificate of title as valid and to refrain from pursuing an earlier investigation into the true status of the debt and title to the property. Bank of America, N.A. took no out-of-court action (or in court action) to correct and/or disclose this information to the Plaintiff even after outside counsel for Bank of America, N.A. emailed the Plaintiff in late July 2023 and attached Bank of America, N.A.'s own subpoena which confirmed BofA's absence of any supporting records (**see Exhibit V**).

34. Bank of America, N.A. and their attorneys (officers of the court) owed the Plaintiff (and the courts) a duty to disclose the true status of its records because Bank of America, N.A. possessed superior and exclusive knowledge of facts not readily accessible to the Plaintiff, because Bank of America, N.A.'s own historical association with the foreclosure action (**see Exhibit K**), and its continued retention of title to and the benefit of the property obtained through that association, gave rise to an obligation to correct the record once Bank of America, N.A. learned, through its own out-of-court business records, that no support existed for that association, and because Bank of America, N.A.'s written response to the Plaintiff's civil subpoena, and its outside counsel's subsequent independent communication

with the Plaintiff, created an obligation to disclose what Bank of America, N.A. had learned.

35. The Plaintiff relied, to his detriment, on Bank of America, N.A.'s historical association with the foreclosure action and on Bank of America, N.A.'s subsequent out-of-court silence after acquiring actual knowledge that it held no supporting records. The Plaintiff continued to treat the Final Judgment of Foreclosure and the certificate of title as valid based on that reliance, and the Plaintiff's investigation and legal options concerning the debt and the property were delayed as a direct result of Bank of America, N.A.'s active concealment.

36. Bank of America, N.A.'s active concealment is ongoing and continuing in nature. Bank of America, N.A. has held title to, and has derived and continues to derive the use and benefit of, the property since August 15, 2019 (**see Exhibit J**), and has done so with actual knowledge, since no later than July 2023, that it possesses no records substantiating any legitimate basis for that title. Bank of America, N.A.'s continued retention of the property and its benefits, with that knowledge and without disclosure and/or correction, is itself an ongoing wrong distinct from, and independent of, any statement made within the 2015-2019 foreclosure action.

37. The Plaintiff does not seek, through this count, to review, reverse, vacate, or nullify the state court foreclosure judgment, the foreclosure sale, or the

certificate of title issued in Bank of America, N.A.'s name. This count is based solely on Bank of America, N.A.'s own independent, out-of-court conduct in concealing, after acquiring actual knowledge in 2023, that it held no records substantiating its claimed interest in the debt or the property, and in continuing thereafter to hold and benefit from title obtained through that unsupported claim, separate and distinct from the state foreclosure proceeding and any related litigation, and separate and distinct from any statement made by Bank of America, N.A. within any judicial proceeding, including the statements collected in (**Exhibit K**), which are offered only as background under Paragraph 30 and not as the basis of liability. See ***Behr v. Campbell,*** *8 F.4th 1206, 1212-13 (11th Cir. 2021);* ***Exxon Mobil Corp. v. Saudi Basic Industries Corp***., *544 U.S. 280, 293 (2005).*

38. As a direct and proximate result of Bank of America, N.A.'s active fraudulent concealment and its continued retention of the property and its benefits after acquiring actual knowledge that it held no supporting records, the Plaintiff has incurred documented expenditures related to the property, sustained loss of use of the property and loss of rental value, incurred prior attorney's fees, has been deprived of the value of the property itself for the period during which Bank of America, N.A. has knowingly and without disclosure retained title to and the benefit of the property, and has expended substantial personal time (over 3600

hours) and effort attempting to investigate and address the status of the debt and title to the property.

39. The Plaintiff's damages exceed $75,000, exclusive of interest, costs, and attorney's fees, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as set forth in the Jurisdiction and Venue section above.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, James Giehl, respectfully requests that this Court enter judgment against Defendant Bank of America, N.A., and grant the following relief:

A. Compensatory damages, in an amount to be proven at trial, but in no event less than $75,000, exclusive of interest, costs, and attorneys' fees, for all injuries legally caused by Bank of America, N.A.'s fraudulent concealment, including damages arising from over ten years of litigation, expenses, and uncertainty proximately caused by Bank of America, N.A.'s concealment of the absence of documented ownership, holder status, or chain of transfer of the note;

B. Nonduplicative consequential damages, including property-expenditure damages, loss-of-use and rental-value damages, and other out-of-pocket losses incurred by the Plaintiff as a result of Bank of America, N.A.'s active concealment, in an amount to be proven at trial;

C. Compensation for the Plaintiff's pro se time, exceeding 3,600 hours, and for prior attorney's fees paid by the Plaintiff in an amount exceeding $5,300, to the extent such recovery is legally authorized;

D. In the alternative to, and not in addition to, the damages sought in Paragraphs A and B above for the same loss, compensation measured by the value of Bank of America, N.A.'s continued, knowing retention of title to and the benefit of the property since acquiring actual knowledge, no later than July 2023, that it possessed no records substantiating any legitimate basis for that title, with such value measured by the Property's current fair market value, estimated at approximately $200,000 and subject to appraisal, it being expressly understood that Plaintiff does not seek to recover both the Property's value and other damages measuring the same underlying loss;

E. Prejudgment and post-judgment interest, to the extent authorized by law;

F. Taxable costs, and attorneys' fees to the extent authorized by applicable law or contract, recognizing that the Plaintiff currently appears pro se;

G. Extensive punitive damages, in an amount to be determined at trial, to the extent authorized by law pursuant to Fla. Stat. § 768.72, based on Bank of America, N.A.'s continued silence and failure to disclose, for more than three years after acquiring actual knowledge in 2023, that its name had been used to complete

a foreclosure and obtain title without supporting records establishing its status as note holder, and based on Bank of America, N.A.'s continued retention of the property and its benefits with that knowledge. The Plaintiff further alleges, for purposes of Fla. Stat. § 768.73(1)(b), that Bank of America, N.A.'s wrongful conduct in actively concealing the absence of any supporting records and in continuing to retain the property and its benefits was motivated solely by unreasonable financial gain, in that disclosure and/or correction of the record would have required Bank of America, N.A. to relinquish title to and the benefit(s) of real property it had no substantiated basis to hold;

H. Trial by jury on all issues so triable; and

I. Such other and further relief as this Court deems just and proper.

**NOTE**: The Plaintiff expressly does NOT request, and this action does not seek, restoration of title or possession of the Property, a determination of lien priority, vacatur or reversal of the foreclosure judgment, cancellation of the certificate of title, or any alteration, modification, or review of any order, judgment, or record entered in Sarasota County Case No. 2015-CA-001828-NC, Sarasota County Case No. 2023-CA-003515-NC, or any other related state appellate proceeding. This is an independent action for damages arising from Bank of America, N.A.'s own active concealment conduct and its continued retention of the real property and its benefits with knowledge of the absence of any supporting

records, separate and apart from the validity of the underlying state court judgment.

The Plaintiff further states that any recovery of the Property's value under Paragraph D shall be in lieu of, and not in addition to, any other compensatory or consequential damages awarded for the same loss, so as to avoid any double recovery.

Respectfully Submitted,

Dated: 10/7/26

James Giehl
P.O. Box 234
Lutz, Florida 33548
Orlando102011@gmail.com